DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEBORAH DUROSS GUIBORD,**
Appellant,

v.

**IN RE: GUARDIANSHIP OF KATHLEEN DUROSS FORD,** now deceased,
by and through **L. FRANK CHOPIN**, as Personal Representative,
Appellee.

No. 4D20-1312

[May 18, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case Nos. 50-2018-GA-000542-XXXX-NB and 50-2018-MH-003270-XXXX-NB.

Harriet Rae Freeman and James R. Merola of Merola & Freeman, P.A., Palm Beach Gardens, and Sonia E. O'Donnell and Robert A. O'Donnell of the O'Donnell Law Firm, P.A., Miami Springs, and Donald E. Christopher of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Orlando, and Jefferson P. Knight of the Knight Law Firm, Miami, for appellant.

Kara Rockenbach Link of Link & Rockenbach, P.A., West Palm Beach, and F. Gregory Barnhart and Jack Scarola of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

CONNER, C.J.

We grant the appellant's motion for rehearing, withdraw our opinion dated March 2, 2022, and issue the following opinion in its place.

Deborah Duross Guibord ("Appellant") appeals the final order determining incapacity and appointing a plenary guardian for her mother, Kathleen Duross Ford ("the Ward"), and the order denying her motion for rehearing. Appellant asserts multiple trial court errors, including failing to properly apply the presumption of undue influence involving self-dealing, failing to comply with guardianship statutes in appointing the guardian, precluding and ignoring evidence, and relying on improper

expert testimony outside the witness's expertise. We affirm the trial court's rulings without discussion, except as to one issue, the denial of a motion for rehearing as moot. As to that issue we reverse and remand for further proceedings.

After the trial court issued its order determining incapacity and appointing the plenary guardian, Appellant filed a motion for rehearing based on newly discovered evidence of a witness who would offer a first-hand account of prior physical abuse of the Ward by the appointed guardian. Unfortunately, the Ward died before the trial court ruled on the motion for rehearing. The guardian filed a response opposing the motion. The trial court denied the motion without a hearing, concluding the motion was moot due to the death of the Ward.

Regarding the final order determining incapacity and appointing the plenary guardian, after extensively reviewing and considering (1) the large record on appeal; (2) the forty-eight-page order with extensive findings of facts and conclusions of law; and (3) the arguments on appeal, we are not persuaded by any of Appellant's arguments. Granting appellate relief regarding the appointment of the guardian as requested by Appellant would involve reweighing evidence and accepting what Appellant contends is the "better" evidence. Such a course of action is improper for an appellate court. *See Michael Anthony Co. v. Palm Springs Townhomes*, 174 So. 3d 428, 432 (Fla. 4th DCA 2015) (explaining that it is not the function of appellate courts to reweigh evidence). We conclude the trial court properly ruled on the evidentiary issues and reached appropriate legal conclusions based upon the evidence presented.

Regarding the trial court's denial of the motion for rehearing as moot due to the Ward's death, we remind guardianship judges that the death of the ward renders a motion for rehearing moot as to the incapacity determination and the appointment of the guardian of the person. That is because "[a] guardian of the person is discharged without further proceeding upon filing a certified copy of the ward's death certificate." § 744.521, Fla. Stat. (2020); *see also* Fla. Prob. R. 5.680(a) ("A guardian of the person is discharged without further proceeding upon filing a certified copy of the ward's death certificate."); *In re Guardianship of Beck*, 204 So. 3d 143, 146 (Fla. 2d DCA 2016) ("The parties agree that [the ward's] death rendered moot any further proceedings with respect to a determination of whether he was incapacitated or whether a plenary guardian should be appointed.").

However, the ward's death does not render a motion for rehearing moot as to the appointment of a guardian of the property if the guardian of the

property handled the ward's property for a period of time or engaged in any transactions affecting the ward's property to a significant degree. That is because collateral legal consequences may flow from the appointment of the guardian of the property. As we have previously explained:

> The guardian of property is not discharged upon the ward's death, but must continue the administration until a petition for discharge is granted and his or her final accounting is approved. *See* § 744.531, Fla. Stat. (2012). Section 744.441(16), Florida Statutes (2012), allows a guardian, with court approval, to pay "reasonable funeral, interment, and grave marker expenses for the ward from the ward's estate, up to a maximum of $6,000." Upon applying for discharge, the guardian may also "retain from the funds in his or her possession a sufficient amount to pay the final costs of administration, including guardian and attorney's fees regardless of the death of the ward, accruing between the filing of his or her final returns and the order of discharge." § 744.527(2), Fla. Stat. (2012); Fla. Prob. R. 5.680(b)(3).

*Romano v. Olshen*, 153 So. 3d 912, 920 (Fla. 4th DCA 2014).

As the guardian correctly conceded at oral argument, the Ward's death did not render the motion for rehearing moot as to the appointment of a guardian of the property. Although the newly discovered evidence claim may involve issues related to the appointment of the guardian of the person, the motion for rehearing also asked the court to reconsider its ruling with respect to the guardian of the property, as Appellant claimed it overlooked evidence that she contended should have prevented the trial court from appointing the guardian to this fiduciary position. The trial court refused to consider it, erroneously concluding that it was moot. Since the motion was not entirely moot, we reverse for the trial court to consider the motion for rehearing only as to the appointment of the guardian of the property.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**